**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THREE DOG BAKERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00217-DGK |
| | ) | |
| CRIT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING IN PART MOTION FOR RECONISDERATION**

This case arises out of a soured business relationship between a franchisor and franchisee. Plaintiff Three Dog Bakery, LLC alleges that Defendants Crit, Inc., Robert Critselous, and Paula Critselous breached the franchise agreement and misappropriated Plaintiff's trade secrets when they opened a pet bakery out of the same location in Bentonville, Arkansas, that they previously operated Plaintiff's franchise out of, which, coincidentally, was also a pet bakery.

The Court recently granted a preliminary injunction, ECF No. 21, enjoining and restraining Defendants from violating the franchise agreement's noncompete provision and using Plaintiff's confidential information, licensed marks, equipment, and processes.

Now before the Court is Defendants' Motion for Reconsideration, Set Bond, Expedited Discovery, and Set Evidentiary Hearing. ECF No. 22. For the reasons discussed below, the motion is DENIED IN PART and GRANTED IN PART.

**Discussion**

Defendants' motion asks the Court to: (1) reconsider its Order granting the preliminary injunction; (2) order Plainitff to post a bond; and (3) order expedited discovery and an evidentiary hearing. The Court rules as follows.

## I. Motion to reconsider.

Defendants move the Court to reconsider the portion of the preliminary injunction that enjoins them from "operating Drooly's A Dream Dog Bakery within fifty (50) miles of the Franchise or within fifty (50) miles of any other Fresh Bakery location." They do not contest the remaining four requirements of the Court's preliminary injunction.

As a general matter, motions to reconsider are "not a vehicle for simple reargument on the merits." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). Instead, they "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). That is, "they are not to be used to introduce new evidence that could have been adduced during pendency of the motion at issue. . . . [or] to tender new legal theories for the first time." *Id.* (citation modified)

Defendants motion suffers from each of these deficiencies. First, Defendants' motion simply reargues the merits of the preliminary injunction. For example, Defendants' claim there are disputed facts related to whether Plainitff breached the franchise agreement or whether it owns the rights to the confidential information at issue.[1] *See* Suggestions in Supp. at 6–9, ECF No. 23. However, Defendants made these very arguments in the preliminary judgment briefing when addressing Plaintiff's likelihood of success on the merits. *See* Suggestions in Opp'n at 9–10, ECF No. 15 (stating "Plaintiff is unlikely to succeed on the merits in this matter due to its prior substantial and material breaches along with its lack of authority and standing to bring the trade secret claims"). The Court addressed these arguments giving them little weight because they were threadbare assertions without legal analysis or support. *See* Order at 6–7. Based on the record, it

---

[1] In deciding not to hold a preliminary injunction hearing, the Court noted that it did not see a factual dispute warranting oral argument, but invited the parties to file a brief if they believed a material fact was in dispute. Neither party filed such a brief.

appears Defendants put little effort into their preliminary injunction briefing, but after the Court's Order flagged the deficiencies, Defendants filed a more detailed argument in its motion to reconsider.

Similarly, Defendants reargue the Court's irreparable harm analysis. In doing so, they do not offer any new evidence or cite any intervening authority mandating a different result. Nor do they cite any controlling authority demonstrating the Court committed a manifest error of law. Rather, Defendants disagree with the outcome.

Second, Defendants motion raises arguments that could have been raised during the pendency of the preliminary injunction motion. Specifically, Defendants argue that the balance of harms weigh in their favor and that the noncompete provision is unenforceable. *See* Reply at 6–13, ECF No. 28. However, they failed to make these arguments in their opposition to the preliminary injunction, despite Plaintiff directly addressing both points. *Contrast* Pl.'s Suggestion in Supp. at 17–19, 23, ECF No. 4 (arguing the noncompete is enforceable and the balance of harms weigh in their favor), *with* Defs.' Suggestion in Opp'n at 9–13, ECF No. 16 (failing to address either argument). And it is not proper for these arguments to be raised now.

Further, by failing to respond to these arguments at the time, Defendants effectively conceded them. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) (noting that "failure to oppose a basis for summary judgment constitutes waiver of that argument."). And moreover, these arguments appear for the first time in Defendants' *reply* brief supporting their motion for reconsideration, and courts generally do not consider arguments raised for the first time in a reply. *See Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006). In short, Defendants' failure to fully develop their arguments earlier does not justify reconsideration now.

Accordingly, Defendants' motion to reconsider is DENIED, and the preliminary injunction remains in effect. To the extent Plaintiff's property, including but not limited to its licensed marks and Operating Manual, has not been returned—as Plaintiff contends—Defendants shall do so within five (5) days of this order. Failure to do so may result in sanctions under Rule 11, 18 U.S.C. § 1927, and/or the Court's inherent authority.

**II. Preliminary injunction bond.**

Next, Defendants argue that Plainitff should have been required to post a bond before the Court issued the preliminary injunction. Under the Federal Rules, the Court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Courts in this circuit have almost always required a bond before issuing a preliminary injunction, but exceptions have been made where the defendant has not objected to the failure to require a bond or where the damages resulting from a wrongful issuance of an injunction have not been shown." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Engr's*, 826 F.3d 1030, 1043 (8th Cir. 2016) (citations omitted). The "amount of the bond rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of that discretion." *Stockslager v. Carroll Elec. Coop. Corp.*, 528 F.2d 949, 951 (8th Cir. 1976).

Here, neither party raised the issue of a bond while the preliminary injunction motion was pending, and Defendants did not inform the Court of what damages they might suffer if the injunction was wrongfully granted. Despite Defendants' prior silence, they now contend that a bond of $750,000 is necessary to protect their interests. Defendants base this amount on the

franchise's historical revenue and expenses. Plaintiff agrees that a bond is required under Rule 65(c) but contends that only $50,000 is necessary.

The Court holds that a bond in the amount of $250,000 is appropriate here. The Court calculated this amount as follows. The Court expects this case to be resolved in six months. Consistent with Rule 65(c)'s purpose, this amount is sufficient to restore Defendants to their pre-injunction position if they are found to have been wrongfully enjoined. If the case extends beyond six months, Defendants may move to increase the bond amount in accordance with this Order.

Accordingly, within five (5) days of this Order, Plaintiff shall post a $250,000 bond with the clerk of the court.

**III. Expedited schedule.**

Defendants also request expedited discovery and an evidentiary hearing within 120 days of this Order. Considering the nature of this case, the Court believes an expedited schedule is appropriate. Accordingly, on or before, July 1, 2025, the parties are ORDERED to file a proposed scheduling order that will resolve their pending claims and counterclaims within the next four to six months.

**IV. Alternate solution.**

Alternatively, the parties are free, and encouraged, to meet and confer regarding a stipulated preliminary injunction that addresses both sides concerns. A stipulated solution would eliminate the need for the sizable bond and/or an expedited schedule in this case.

If the parties choose the alternative, they shall file a joint motion to modify the preliminary injunction and submit a proposed stipulated preliminary injunction order to the courtroom deputy.

**Conclusion**

Accordingly, Defendants motion is DENIED IN PART and GRANTED IN PART.

**IT IS SO ORDERED.**

Date: June 17, 2025

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT