# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THREE DOG BAKERY, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CV-00217-DGK |
| CRIT, INC., ROBERT CRITSELOUS, and PAULA CRITSELOUS, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

This is a dispute between a franchisor and one of its franchisees. In March 2015, Plaintiff Three Dog Bakery, LLC ("Three Dog Bakery"), entered into a franchise agreement with Defendant Crit, Inc., ("Crit") for Crit to establish a bakery specializing in dog treats in Bentonville, Arkansas, using Three Dog Bakery's proprietary recipes and business system. Three Dog Bakery and Crit renewed this agreement in December 2021, extending the term of the original agreement to December 2026. In March 2025, Three Dog Bakery brought claims for damages and injunctive relief against Defendants Crit, Robert Critselous, and Paula Critselous for breach of contract and violation of the Arkansas Trade Secrets Protection Act. ECF No. 1. Defendants filed a counterclaim complaint, ECF No. 12, and an amended counterclaim complaint, ECF No. 26.

Now before the Court is Plaintiff's Partial Motion to Dismiss. ECF No. 40. Plaintiff seeks to dismiss Counts I, II, and III of Defendants' amended counterclaim complaint, arguing they have failed to state claims for breach of contract, breach of the covenant of good faith and

fair dealing, and violation of the Arkansas Franchise Practices Act, Ark. Code Ann. § 4-72-201 *et seq.* Defendants argue they have pled sufficient facts to state these claims.

Also before the Court is Plaintiff's Motion to Strike Paragraphs 7–14, 19–36, and 52 from Defendants' amended counterclaim complaint. ECF No. 40. Plaintiff argues these paragraphs "have nothing to do" with this litigation and are only included to prejudice the Court and anyone else who might read the pleadings. ECF No. 41 at 13–14. Defendants argue the paragraphs contain "public background information" relevant to "the difficulties being experienced in the franchise system and the claims at issue." ECF No. 44 at 14.

Plaintiff's motions to dismiss and strike are DENIED. As for the motion to dismiss, accepting Defendants' allegations as true, Plaintiff has not shown that Counts I, II, and III are insufficiently pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's motion to dismiss is based on a misconstrual of Defendants' claims, as Defendants' suggestions in opposition show. *See* ECF No 44 at 6–8. This ruling does not suggest that Defendants' counterclaim complaint has merit or that Plaintiff may not ultimately prevail on a more developed record. But a dismissal at this stage would be improper.

Plaintiff's motion to strike fares no better. A party may move the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But this "is an extreme and disfavored measure," *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), and the Eighth Circuit has observed that "this remedy . . . often is sought by the movant simply as a dilatory or harassing tactic," *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021) (internal quotations omitted). Plaintiff has failed to meet this heavy burden here. This ruling does not suggest the paragraphs in

question are relevant to these proceedings; the Court is simply holding that they will not be stricken at this time.

**IT IS SO ORDERED.**

Date: October 2, 2025                   /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT