IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THREE DOG BAKERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00505-DGK |
| | ) | |
| PAWS ON THE PAVEMENT LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER DENYING PARTIAL MOTION TO DISMISS**

This is a dispute between a franchisor and one of its franchisees. Plaintiff Three Dog Bakery, LLC ("Three Dog Bakery"), alleges Defendants Paws on the Pavement LLC ("Paws"), and Lori Elam ("Defendants") have breached the franchise agreement and have infringed Three Dog's trade-secret rights.

Now before the Court is Defendants' Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Defendants seek to dismiss Counts II and III of the complaint, arguing Plaintiff has failed to state claims for violations of the Missouri Uniform Trade Secrets Act and the Defend Trade Secrets Act. Defendants also argue that Defendant Lori Elam should be dismissed as a party because she is not a party to the assignment agreement in her individual capacity. Plaintiff argues it has pled sufficient facts to state the claims asserted in Counts II and III. Plaintiff also argues Defendant Lori Elam did, in fact, enter the assignment agreement in her individual capacity.

For the reasons stated below, Defendants' motion is DENIED.

## Standard of Review

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Background

As alleged by Plaintiff Three Dog Bakery, in December 2014, Three Dog Bakery entered into a franchise agreement with non-parties Jean Kessinger, Lesslie Kessinger, and Les Paws, Inc. ("Non-Party Franchisees"), to establish a bakery specializing in dog treats in Mount Juliet, Tennessee, using Three Dog Bakery's licensed marks, proprietary recipes, and business system. In November 2021, the Non-Party Franchisees assigned and transferred their Three Dog Bakery franchise to Defendants Paws and Lori Elam.

In October 2024, Defendant Paws stopped paying royalties to Three Dog Bakery, and on or about March 21, 2025, Paws stopped reporting its sales to Three Dog Bakery, both in apparent violation of the assigned franchise agreement. On May 16, 2025, Three Dog Bakery informed Defendants that it was terminating the franchise agreement due to Defendants' failure to report

their "Gross Sales, Net Sales, and Royalty Sales" as required by the franchise agreement. The termination became effective May 18, 2025.

On July 1, 2025, Three Dog Bakery brought claims for damages against Defendants for breach of contract (Count I), violation of the Missouri Uniform Trade Secrets Act (Count II), and violation of the Defend Trade Secrets Act (Count III). ECF No. 1.

## Discussion

Defendants argue that Counts II and III should be dismissed because Plaintiff failed to give 90-days' notice of Plaintiff's termination of the franchise agreement, as required by Mo. Rev. Stat. § 407.405. ECF No. 8 at 5. Consequently, according to Defendants, the termination was invalid, Defendants maintained their contractual rights to Three Dog Bakery's licensed marks and business system and therefore cannot have been in violation of either the Missouri Uniform Trade Secrets Act or the Defend Trade Secrets Act. *Id.* at 6. Defendants argue further that Defendant Lori Elam should be dismissed from the case because she did not sign the assignment agreement in her individual capacity and is therefore not liable under the assigned franchise agreement.

Defendants' argument for dismissal of Counts II and III fails. Under Mo. Rev. Stat. § 407.410.2, "[a] franchisee suffering damage as a result of the failure to give notice as required of the cancellation or termination of a franchise, may institute legal proceedings . . . against the franchisor who cancelled or terminated his franchise . . . ." That is, the statute creates a cause of action, not an affirmative defense to defeat Plaintiff's claims at the pleading stage.

With respect to Defendant Lori Elam, Defendants argue she is not a proper defendant because she executed the assignment agreement on behalf of Paws and not in her individual capacity. The only signature she entered on the assignment agreement was on the line for Paws,

3

where she signed as "Owner"; the signature line for "Lori Elam, Individually" is blank. *See* ECF No. 12-1 at 5. She is therefore not a party to the franchise agreement and is not personally bound by the agreement. ECF No. 8 at 6–7. Plaintiff counters that the assignment agreement defines the "Assignee" as both Paws and Lori Elam. Elam also acknowledged her authority to sign the agreement "on behalf of . . . Assignee" by signing the document. And to the extent that Elam's intention in signing the agreement is ambiguous, the question of her intention is one of fact such that dismissal at this stage would be inappropriate. ECF No. 12 at 7–8.

The Court finds that the assignment agreement is ambiguous as to Defendant Lori Elam's personal liability. "A determination as to whether a contract is ambiguous is a question of law to be decided by the trial court. . . . An ambiguity as to whether an individual is personally liable is created where the form of the signature is inconsistent with the assumption of personal liability under the terms of the agreement." *Headrick Outdoor, Inc. v. Middendorf*, 907 S.W.2d 297, 300 (Mo. Ct. App. 1995). If a contract is found to be ambiguous, the court must determine the intent of the parties from "facts and circumstances surrounding the execution of the contract, the practical construction the parties themselves have placed on the contract by their acts and deeds, and other external circumstances." *Id.*

The assignment agreement purports to be between "(i) Three Dog Bakery . . . ("Franchisor"); (ii) Les Paws, Inc., a Tennessee corporation . . . and Jean and Leslie Kessinger, individuals . . . (collectively, "Assignor"); and (iii) Paws on the Pavement LLC, a Tennessee limited liability company . . . and Lori Elam, an individual . . . (collectively, "Assignee")." ECF No. 12-1 at 2. In other words, the terms of the agreement presume both Paws, as a corporate entity, and Lori Elam, as an individual, to be parties to the assignment, so that both Paws and Elam assumed liability through the assignment agreement for "all of Assignor's rights,

4

obligations, [etc.] . . . under the Franchise Agreement . . . ." ECF No. 12-1, Agreement ¶ 2.  The form of her signature, however, is inconsistent with this assumption of personal liability, because she only signed as the owner of the LLC and not as an individual.  *See Headrick*, 907 S.W.2d at 300 ("While the contract lists [defendant] as an individual party and has an extra, separate signature line apparently for [defendant] to sign in his individual capacity, the fact remains that [defendant] did not sign the contract in his individual capacity. Rather, he signed it in his official capacity as president of [the corporation]. This is inconsistent with the assumption of personal liability and it was not error for the trial court to admit extrinsic evidence to clarify the intent of the parties.").

This ambiguity creates a question of fact as to the parties' intent regarding Defendant Lori Elam's personal liability under the assignment of the franchise agreement.  On this motion, the Court must accept as true all of the complaint's factual allegations and view them in the light most favorable to Three Dog Bakery.  As such, the Court concludes that the complaint plausibly alleges claims against Defendant Lori Elam.  Dismissing Elam in the absence of a more developed record would therefore be inappropriate.

**Conclusion**

For the reasons stated above, Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Date:  January 8, 2026              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT