**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| THREE DOG BAKERY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00505-DGK |
| | ) | |
| PAWS ON THE PAVEMENT LLC,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER  DENYING PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

This is a dispute between a franchisor and one of its franchisees.  Plaintiff Three Dog Bakery, LLC ("Three Dog Bakery"), alleges Defendants Paws on the Pavement LLC ("Paws"), and Lori Elam ("Defendants") have breached the franchise agreement and have infringed Three Dog's trade-secret rights.  As alleged by Three Dog Bakery, in December 2014, Three Dog Bakery entered into a franchise agreement with non-parties Jean Kessinger, Lesslie Kessinger, and Les Paws, Inc. ("Non-Party Franchisees"), to establish a bakery specializing in dog treats in Mount Juliet, Tennessee, using Three Dog Bakery's licensed marks, proprietary recipes, and business system.  In November 2021, the Non-Party Franchisees assigned and transferred their Three Dog Bakery franchise to Defendants Paws and Lori Elam.  In October 2024, Defendant Paws stopped paying royalties to Three Dog Bakery, and on or about March 21, 2025, Paws stopped reporting its sales to Three Dog Bakery, both in apparent violation of the assigned franchise agreement.  On May 16, 2025, Three Dog Bakery informed Defendants that it was terminating the franchise agreement due to Defendants' failure to report their "Gross Sales, Net Sales, and Royalty Sales" as required by the franchise agreement.  The termination became effective May 18, 2025.  On July 1, 2025, Three Dog Bakery brought claims for damages against

Defendants for breach of contract (Count I), violation of the Missouri Uniform Trade Secrets Act (Count II), and violation of the Defend Trade Secrets Act (Count III). ECF No. 1. On July 25, 2025, Defendants filed a counterclaim complaint. ECF No. 9.

Now before the Court are (1) Plaintiff's Partial Motion to Dismiss for Failure to State a Claim; and (2) Motion to Strike. ECF No. 13. Plaintiff seeks to dismiss Counts I and II of Defendants' counterclaim complaint, arguing Defendants have failed to state claims for breach of contract and breach of the covenant of good faith and fair dealing. Defendants argue they have pled sufficient facts to state these claims.

Plaintiff's motion to dismiss is DENIED. Accepting Defendants' allegations as true, Plaintiff has not shown that Counts I and II are insufficiently pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's motion to dismiss is based on a misconstrual of Defendants' claims, as Defendants' suggestions in opposition show. *See* ECF No. 17 at 5–7. This ruling does not suggest that Defendants' counterclaim complaint has merit or that Plaintiff may not ultimately prevail on a more developed record. But a dismissal at this stage would be improper.

Plaintiff's motion to strike fares no better. A party may move the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But this "is an extreme and disfavored measure," *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), and the Eighth Circuit has observed that "this remedy . . . often is sought by the movant simply as a dilatory or harassing tactic," *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021) (internal quotations omitted). Plaintiff has failed to meet this heavy burden here. This ruling does not suggest the paragraphs in

question are relevant to these proceedings; the Court is simply holding that they will not be stricken at this time.

**IT IS SO ORDERED.**

Date: <u>January 9, 2026</u>                                    <u>/s/ Greg Kays</u>
                                                                                GREG KAYS, JUDGE
                                                                                UNITED STATES DISTRICT COURT